Form G-3 (20230922)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION ☒ DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 ☒ |
| | ) | |
| GEORGE SANTER, | ) | No. 2023 B 06105 |
| | ) | |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

### NOTICE OF MOTION

TO: See attached list

  PLEASE TAKE NOTICE that on January 22, 2024, at 9:30 a.m ☒, I will appear before the Honorable A. Benjamin Goldgar ☒, or any judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse ☒, **or** electronically as described below, and present the motion of Fields Loss Consultants LLC [to/for] Dismiss, a copy of which is attached.

  **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

  **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

  **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

  **Meeting ID and passcode.** The meeting ID for this hearing is 161 500 0972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's web site.

  **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

            By: /s/ Thomas W. Drexler
            Thomas W. Drexler
            221 N. LaSalle Street, Suite 1600
            Chicago, Illinois 60601
            (312) 726-7335
            td@drexlaw.com

## CERTIFICATE OF SERVICE

I, Thomas W. Drexler, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on January 15, 2024, at 4:00 p.m.

/s/ Thomas W. Drexler
[Signature]

## SERVICE LIST

**The following parties were served by ECF:**

Vaughn A. White
VW Law LLC
1755 Park Street, Suite 200
Naperville, IL 60563

David R. Herzog
53 W. Jackson Blvd
Suite 1442
Chicago, IL 60604

Patrick S. Layng
Office of US Trustee
219 S. Dearborn St.
Room 873
Chicago, IL 60604

**The following parties were served via US Mail:**

George Santer
130 N. Horner Lane
Mount Prospect, IL 60056

Credit One Bank
PO Box 98872
Las Vegas, NV 89193

JP Morgan Chase Bank
Bankruptcy Mail Intake
700 Kansas Lane, Floor 1
Monroe, LA 71203

Nordstrom FSB
PO Box 6555
Englewood, CO 80155

Citibank Sears
PO Box 6217
Sioux Falls, SD 57117

Lessmeister & Samad PLLC
10 S. LaSalle St., Suite 2510
Chicago, IL 60603

Synchrony Bank/Care Credit
PO Box 71757
Philadelphia, PA 19176

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Citibank/Home Depot
PO Box 6497
Sioux Falls, SD 57117

IRS
PO Box 7346
Philadelphia, PA 19101

Midwest Anesthesia
Medical Business Bureau
140 Renaissance Drive
Park Ridge, IL 60068

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GEORGE L. SANTER, | ) | CASE NO. 23 B 06105 |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

**CREDITOR FIELDS LOSS
CONSULTANTS LLC'S MOTION TO DISMISS**

NOW COMES Creditor Fields Loss Consultants LLC ("Fields") by its attorney Thomas W. Drexler, and moves this Court to enter an order dismissing the Chapter 7 case of George L. Santer (the "Debtor") pursuant to 11 U.S.C. § 707(a), and in support thereof Fields alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(a) and LR40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. Movant is the major creditor of the Debtor and brings this motion pursuant to 11 U.S.C. §§ 707(a).

**PRELIMINARY STATEMENT**

4. This case should be dismissed "for cause" under 11 U.S.C. § 707(a). As set forth in his bankruptcy schedules, the Debtor is a Loss Mitigation Specialist employed with a restoration

1

company in Des Plaines, Illinois, which pays him $6,260.58 in gross monthly wages per Schedule I. Debtor's Schedule I reflects that he and his non-filing spouse earn roughly $8,823.46 per month on a gross basis. After deductions from income, Schedule I reflects that the Debtor and his non-filing spouse earn a monthly net income of $7,034.77. Schedule J reflects monthly household expenses of $4,574.00, with the Debtor's resulting disposable monthly income on Schedule J being $2,460.77. However, the Debtor did not file this case under Chapters 11 or 13 to repay all or even some of his debts. Rather, the Debtor filed under Chapter 7 so that he can keep this substantial discretionary income while discharging his debts without any effort at repayment. The Court of Appeals for the Seventh Circuit has held that a debtor's unjustified refusal to repay some or all his debts constitutes "cause" to dismiss under § 707(a). This case warrants such a dismissal.

## BACKGROUND

5. The Debtor filed his voluntary chapter 7 petition on May 8, 2023. On or about that date, David Herzog was appointed as the chapter 7 trustee.

6. Also, on that date the Debtor filed his schedules (the "Schedules") and statement of financial affairs.

7. On his Schedule E/F, the Debtor scheduled 11 unsecured creditors: (i) the IRS, scheduled as a priority debt in the amount of $16,000.00; (ii) Creditor Fields Loss Consultants LLC ("Fields"), the movant herein, for $72,500.00; (iii) Eight miscellaneous credit cards totaling $15,436.00; and (iv) one medical bill totaling $528.00. None of the debts were scheduled as contingent, liquidated, disputed, or subject to setoff. *See* Dkt No. 1 at pp. 17-21.

8. Schedule I states that Debtor is employed as a Loss Mitigation Specialist with a restoration company in Des Plaines, Illinois, and his average gross monthly income from that

2

position is $6,260.58. The Debtor's non-filing spouse earns an average of $2,563.38 per month. Together, they earn gross income of $8,823.46 per month. *See* Dkt No. 1 at pp. 17-21.

9.  After deductions from income, Schedule I reflects that the Debtor and his non-filing spouse earn a monthly net income of $7,034.77. *See* Dkt No. 1 at pp. 25.

10. Schedule J reflects monthly household expenses of $4,574.00, with the Debtor's resulting disposable monthly income on Schedule J being $2,460.77. *See* Dkt No. 1 at pp. 26-27. Accepting that all of the expenses listed in Schedule J are appropriate, substantial funds still remain available at the discretion which enables the Debtor to make a substantial distribution to his creditors. In fact, were the Debtor to apply his monthly disposable income of $2,460.77 to the total debt of $104,464.00 listed in his schedules, the entire principal sum could be paid in a little more than 42 months.

**ARGUMENT**

**THE DEBTOR'S CASE SHOULD BE
DISMISSED UNDER 11 U.S.C. § 707(a)**

*A. Cause Exists to Dismiss the Debtor's Case*

11. This case should be dismissed under § 707(a) for cause. "Cause" under § 707(a) is an undefined term and "invites a more open-ended inquiry" than § 707(b), which is mainly "arithmetical." *In re Schwartz*, 799 F.3d 760, 763 (7th Cir. 2015). Therefore, proper cause is not something that can be strictly defined. However, the same facts that may give rise to dismissal under § 707(b) may also constitute cause to dismiss under § 707(a). *See id.*

12. Additionally, there is no requirement of bad faith under § 707(a). Instead, "bankruptcy courts have discretion to dismiss cases for 'cause' under § 707(a) wherever there is an unjustified refusal to pay one's debts (or, presumably, for any other number of non-procedural

3

reasons), regardless of whether the debtors' conduct amounts to 'bad faith.'" *BMO Harris Bank N.A. v. Isaacson*, 551 B.R. 376, 383 (N.D. Ill. 2015); *see also Schwartz*, 799 F.3d at 764 ("[A]n unjustified refusal to pay one's debts is a valid ground under 11 U.S.C. § 707(a) to deny a discharge of a bankrupt's debts.").

13. The Seventh Circuit has provided considerable guidance on what constitutes cause to dismiss a case under § 707(a). In *Schwartz*, the Debtors had an after-tax annual income of $114,000, which the Seventh Circuit noted was not "extreme wealth." 799 F.3d at 762. However, those debtors continued to drive an expensive Range Rover SUV and took a trip to Disney World instead of repaying their creditors. They then sought a Chapter 7 discharge in an effort to maintain their lifestyle without making any changes to pay creditors or "belt-tightening."

14. In affirming the bankruptcy court's dismissal under § 707(a), the circuit court held that "[w]hat the [debtors] failed to do was pay as much of their indebtedness as they could without hardship . . . The dismissal of their petition will place them under greater pressure to pay off, or at least pay down, their debts than if they're permitted to persist in living high on the hog (relative to the average American family, which cannot afford to spend $11,100 a month on consumption) in the face of a considerable indebtedness." *Id.* at 763–64.

15. As noted above, without making any changes to the Debtor's or his wife's deductions or claimed expenses on Schedule J, the Debtor has $2,460.77 available per month to pay creditors. That alone would provide an approximately 100% dividend (before chapter 11 or 13 expenses) to all his unsecured creditors in a little more than 42 months. Yet rather than making any meaningful attempt to pay his creditors, the Debtor has filed under Chapter 7 of the Code.

4

### B. Conclusion

16. This case should be dismissed for cause shown. The Debtor has a substantial monthly net income, which he seeks to keep to himself while also receiving the benefits of a Chapter 7 discharge.

17. In a hypothetical Chapter 13 Plan of reorganization, this Debtor could afford to pay more than $147,646.20 over 5 years, an amount which exceeds the total debt (without providing for interest payments) by more than $30,000.00. The fact that this Debtor would rather keep that income to himself rather than make any meaningful attempt to repay his debts constitutes cause to dismiss this case.

18. The Debtor should be required to make good faith efforts to repay his debts. Thus far, the Debtor has not indicated any attempt to do so.

19. Based on the foregoing, this case should be dismissed for cause pursuant to Section 707(a).

**WHEREFORE**, Fields Loss Consultants LLC requests that the Court enter an order dismissing the Debtor's case pursuant to Section 707(a) of the Bankruptcy Code, and for such other relief as is just.

Respectfully Submitted,

/s/ Thomas W. Drexler
Thomas W. Drexler
Attorney for Fields Loss Consultants LLC
221 N. LaSalle Street
Suite 1600
Chicago, Illinois 60601